CAUSE NO. 348 267268 13

| | | |
|---|---|---|
| **XIP LLC** | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| vs. | § | 348 DISTRICT COURT |
| | § | |
| **COMMTECH SALES LLC** | § | |
| Defendant. | § | TARRANT COUNTY, TEXAS |
| | § | |

*[Filed stamp: THOMAS A. WILDER, DISTRICT CLERK, TARRANT COUNTY, 15 AUG -1 P 3:06]*

## PLAINTIFF'S ORIGINAL PETITION

Plaintiff, XIP LLC, files this original petition against defendant, CommTech Sales LLC, and alleges as follows:

### DISCOVERY-CONTROL PLAN

1. Plaintiff intends to conduct discovery under Level 3 of Texas Rule of Civil Procedure 190.4 and affirmatively pleads that this suit is not governed by the expedited-actions process in Texas Rule of Civil Procedure 169 because plaintiff seeks injunctive relief and seeks monetary relief over $100,000.

### CLAIM FOR RELIEF

2. Plaintiff seeks monetary relief of over $100,000.

### PARTIES

3. Plaintiff, XIP LLC, a Texas corporation, is doing business in Tarrant County, Texas, at 401 West Jim Wright Freeway, Suite 113, Fort Worth, Texas 76108.

4. Defendant, Michael McGraw, an individual, may be served with process at defendant's usual place of business in Collin County at Commtech Sales, LLC,

2601 Resource Drive, Suite 200, Plano, Texas 75074, or wherever defendant may be found.

## VENUE

5. This case involves primarily the ownership by J. K. Henderson in 2011 of all of the intellectual property ("the IP")[1] utilized by what were commonly referred to as the "Micrin Subsidiaries." Over the years, J. K. Henderson had financed the development of that IP for the parent of the Micrin Subsidiaries, Micrin Holding Corporation ("Micrin Holdings"). The IP was created to be utilized in the design, development, and manufacturing of products for businesses owning and/or operating communication systems, radio frequency transmission and receiving sites throughout the world as well as for other product classes. The IP is considered a trade secret by the Plaintiff and is valuable property belonging to the Plaintiff.

CommTech Sales LLC ("Defendant") had in 2011 obtained a substantial order for certain products being built by a Micrin subsidiary utilizing a portion of the IP owned by J. K. Henderson. Bankruptcy proceedings including Micrin Holdings prevented the Micrin subsidiary from completing the order. As a result, the President of the Defendant travelled to Tarrant County in early June, 2011 to meet with J. K. Henderson regarding an agreement allowing Defendant access to a portion of the IP belonging to J. K. Henderson for the limited purpose of

---

[1] The intellectual property is referred to herein as both the "IP" and the "trade secrets" without intending any distinction between the two.

producing certain products described in the agreement ("the Contract"). The Contract was made in Tarrant County, utilizing IP owned by a Tarrant County resident, and the signature of J. K. Henderson was obtained in Tarrant County. Defendant had no production facility and could have been located anywhere in North Texas. A licensing fee was also negotiated as part of this arrangement and was to be paid to J. K. Henderson at his office in Tarrant County. From time to time Defendant contacted J. K. Henderson in his office in Tarrant County regarding issues arising from the Contract.

Defendant was not authorized under this Contract to utilize any of the IP other than that necessary to perform under that Contract and it was the breach by the Defendant of this Contract by utilizing IP owned by J. K. Henderson without the permission of J. K. Henderson that led to this litigation. In this regard, Defendant has evidently without the knowledge or consent of Plaintiff obtained access to more IP than was agreed by J. K. Henderson and the Defendant and is now utilizing that wrongfully acquired IP to produce the entire line of products originally sold by the Micrin Subsidiaries, all without the permission of J. K. Henderson and in breach of the Contract.

The Defendant has also never paid to J. K. Henderson the agreed-on consideration set forth in the Contract and intended to be paid to J. K. Henderson in Tarrant County, Texas.

## FACTS

6.  Over the years J. K. Henderson financed the development of a substantial amount of intellectual property ("the IP") for Micrin Holdings to be utilized in the design, development, and manufacturing of products for businesses owning and/or operating communication systems, radio frequency transmission and receiving sites throughout the world as well as for other product classes. The IP, having been developed at considerable expense, was at all times maintained in a manner so as to prevent disclosure of the IP which constituted trade secrets of Micrin Holdings. The IP gave to Micrin Subsidiaries or any other company authorized to utilize the IP an advantage over competitors not having access to the IP. The IP was transferred in 2007 to a particular subsidiary of Micrin Holdings by the name of United IP, LLC. In the fall of 2009 all of the IP was transferred to J. K. Henderson in payment of the obligations of Micrin Holdings to J. K. Henderson in connection with the development of the IP. The Micrin Subsidiaries continued to utilize the IP in the business of the subsidiaries under an agreement with J. K. Henderson until the bankruptcy of Micrin Holdings in 2010.

The IP consists of drawings, designs, circuit board layouts, electrical schematics, bills of materials, product photographs, manufacturing techniques, illustrations, installation procedures, instructions, and related items all trade secrets of J. K. Henderson and utilized to create, manufacture, and market the products previously manufactured by the Micrin Subsidiaries. These products include radio frequency devices, power supplies, power distribution units, fuse

panels, emergency generator interface panels, low-voltage disconnects, remote disconnects, alarm control panels, cabling assemblies, back-up power systems and indoor and outdoor equipment cabinets.

In late 2010 Micrin Holdings went into bankruptcy and claims were asserted in that Bankruptcy concerning the IP that had been utilized by the Micrin Subsidiaries. After obtaining a release from the Trustee in the Micrin Holdings bankruptcy of any claim to any IP which had been formerly utilized by the Micrin Subsidiaries, J. K. Henderson transferred that IP to XIP LLC, a single member LLC owned by J. K. Henderson. That company entered into an exclusive license agreement with Roam Corporation to utilize that IP for the manufacturing of the products previously manufactured by the Micrin Subsidiaries. That agreement required that Roam Corporation maintain the secrecy of the IP and obligated XIP LLC to litigate in its own name the transfer of the IP to Roam Corporation and exclusive right of the Roam Corporation to utilize the IP.

It has come to the attention of XIP LLC and Roam Corporation that Defendant has somehow acquired copies of most, if not all of the previously described IP and has begun to utilize the IP without the permission of XIP LLC or J. K. Henderson. The drawings and designs, etc. of the Defendant's products are essentially exact copies of the drawings, designs, photographs, part numbers, etc. of the products intended to be manufactured by Roam Corporation. Furthermore, the www.micrin.com website utilized by Defendant also discloses formerly secret Proprietary Information (still labeled "Proprietary Information") that has seriously

damaged the IP by providing information that could be used by possible competitors in building and selling the same products.

Defendant has no right to have in its possession nor to utilize or disclose the IP of XIP LLC to manufacture essentially the exact products (or derivatives thereof) currently licensed by XIP LLC to be manufactured and sold by Roam Corporation. XIP LLC is not aware of the source of the copies of the IP acquired by Defendant and will undertake discovery to determine that unauthorized source. It was always intended by J. K. Henderson to resume use of the IP including the building of the MTC 6000 series panels offered to Defendant to allow Defendant to complete a preexisting order for MTC 6000 series panels for a particular customer and nothing further unless expressly agreed, which did not occur.

The IP has been appropriated by Defendant and has been used without the permission of J. K. Henderson or Roam Corporation. In addition, the original offer of a temporary authorization agreement from J. K. Henderson provided for a licensing fee of $3.00 per panel, which has never been paid. Further, to protect the IP, the agreement of June 9, 2011 between J. K. Henderson and Defendant contained a provision that the authorization was revocable. The authorization has not been revoked only because the present use of the IP is far beyond that authorized. It was the obligation of Defendant to cease utilizing the IP of XIP LLC to build the panels as described in the authorization agreement or any other products based upon or derived from the IP of XIP LLC.

7. Defendant has evidently acquired access to the IP and has been able to utilize the IP to its benefit by breaching the Contract which limited Defendant to utilizing only the IP required to manufacture the product described in the June 9, 2011 agreement. It appears that Defendant has developed relationships with persons previously employed or associated with the Micrin Subsidiaries and from that relationship has acquired access to the IP which is now being used without permission to pursue the same business being pursued by Roam Corporation through its licensing agreement with XIP LLC.

Drawings of various equipment and designs originally conceived, designed, and manufactured by the Micrin Subsidiaries utilizing the IP of J. K. Henderson have appeared on the Defendant's website, all without the permission of J. K. Henderson.

## COUNT 1 – BREACH OF CONTRACT

8. The Defendant has breached and is continuing to breach the Contract by the production of items other than expressly authorized under the Contract and by breaching an implied covenant that the IP of Plaintiff to which Defendant might acquire access would not be utilized for the production of any products other that those specified in the Contract. Plaintiff seeks damages for all breaches of the Contract together with a permanent injunction enjoining the continuing violation of that Contract, together with all profits made by Defendant wrongfully using the unauthorized portion of the IP of Plaintiff for purposes not authorized by the Contract.

In connection with the breaches of contract set forth above, Plaintiff also seeks reasonable attorneys fees, costs, and such other and further relief to which Plaintiff might be entitled as a result of such breaches of the Contract.

## CLAIM 2 – MISAPPROPRIATION OF TRADE SECRETS

9. For the harm and the loss suffered by Plaintiff as a result of the wrongful misappropriation of the IP, and for the harm and loss that will continue but for the intervention of the Court, Plaintiff has no adequate remedy at law. If Defendant is permitted to continue using Plaintiff's IP, it would have profited by its own wrong and Plaintiff's IP may be further disseminated by Defendant, resulting in damages to Plaintiff that are unpredictable and unending.

Upon a hearing to show cause, a temporary injunction should be issued enjoining Defendant, its agents, servants, and employees from directly or indirectly using for their own benefit or imparting to any other person, firm, or corporation, the IP described above and belonging to Plaintiff.

## PRAYER

10. For these reasons, Plaintiff asks that the Court issue citation for Defendant to appear and answer, and that Plaintiff be awarded a judgment against Defendant for the following:

   a. Defendant be asked to appear and show cause and that upon such hearing, a temporary injunction be issued against Defendant and its agents, servants, and employees from directly or indirectly utilizing for any purpose the IP of Plaintiff.

b. A permanent injunction be ordered on final trial of this case enjoining Defendant and its agents, servants, and employees from directly or indirectly utilizing for any purpose the IP of Plaintiff.

c. Judgment be rendered against Defendant for a sum in excess of the minimum jurisdictional limit of the Court.

d. For prejudgment and postjudgment intervention as provided by law.

e. Reasonable attorney's fee.

f. For costs of suit.

g. For such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

_____
Donald H. Ray
Texas State Bar # 16598000
RAY & WILSON
6300 Ridglea Place, Suite 1008
Fort Worth, Texas 76116
Telephone: 817.377.0500
Facsimile:  817.377.1232

Attorney for the Plaintiff, XIP LLC