348-267268-13

FILED
TARRANT COUNTY
2/10/2015 3:59:13 PM
THOMAS A. WILDER
DISTRICT CLERK

**CAUSE NO. 348-267268-13**

| | | |
|---|---|---|
| XIP LLC, | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | 348TH DISTRICT COURT |
| MICHAEL MCGRAW, | § | |
| COMMTECH SALES LLC, | § | |
| PACIFIC TECHNICAL SOLUTIONS, INC., | § | |
| MAZON ASSOCIATES, INC., | § | |
| Defendants. | § | TARRANT COUNTY, TEXAS |

### PLAINTIFF'S THIRD AMENDED PETITION, INCLUDING PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT MAZON ASSOCIATES, INC.

Plaintiff, XIP LLC, files this its Third Amended Petition against Defendants, Michael McGraw, CommTech Sales LLC, Pacific Technical Solutions, Inc., and Mazon Associates, Inc. and alleges as follows:

### DISCOVERY-CONTROL PLAN

1.  Plaintiff intends to conduct discovery under Level 3 of Texas Rule of Civil Procedure 190.4 and affirmatively pleads that this suit is not governed by the expedited-actions process in Texas Rule of Civil Procedure 169 because Plaintiff seeks injunctive relief and seeks monetary relief over $100,000.

### CLAIM FOR RELIEF

2.  Plaintiff seeks monetary relief of over $100,000.

*Plaintiff's Third Amended Petition, including Request for Production to Mazon Associates, Inc.*
Page 1

348-267268-13

## PARTIES

3.  Plaintiff, XIP LLC, a Texas corporation, is doing business in Tarrant County, Texas, at 401 West Jim Wright Freeway, Suite 113, Fort Worth, Texas 76108. XIP LLC ("XIP") brings this litigation as the assignee from J. K. Henderson of all of the intellectual property (the "IP") owned by J. K. Henderson pursuant to that certain assignment from United IP, LLC to J. K. Henderson dated November 25, 2009, and, in addition thereto, all causes of action owned by J. K. Henderson against Michael McGraw ("McGraw"), CommTech Sales LLC ("CommTech"), Pacific Technical Solutions, Inc. ("PacificTech"), and/or Mazon Associates, Inc. ("Mazon"), which causes of action have been assigned to XIP, and in any manner involving the conduct of McGraw, CommTech, PacificTech or Mazon relating to that IP.

4.  Defendants Michael McGraw, CommTech Sales LLC, and Pacific Technical Solutions, Inc., have appeared herein.

5.  Defendant, Mazon Associates, Inc., a Texas corporation, may be served with process by serving its Registered Agent, John E. Mazon, in Dallas County at Mazon Associates, Inc., 800 West Airport Freeway, Irving, Texas 75062, or wherever Defendant may be found.

## HISTORICAL BACKGROUND

6.  For fourteen years Micrin Technologies (operating first as Micrin Technologies Corporation and then later as Micrin Technologies, LLC) designed, produced, and sold their own unique line of products for the wireless telecommunications industry. Micrin

*Plaintiff's Third Amended Petition, including Request for Production to Mazon Associates, Inc.*

348-267268-13

Technologies built an industry-leading reputation for product quality, design, and service. Among the primary products produced by Micrin was a line of generator interface panels, power distribution units, power supplies, and radio frequency products for cellular towers, as well as other products. The products at issue in this case are generator interface units and power distribution units and potentially others as discovery progresses. It is the designs, specifications, drawings, photographs and related documents utilized to manufacture and sell those products which constitute the IP at issue in this case.

7.     Mark Henderson, himself an engineer by education and experience, was the primary design person for the products at issue, working over the years with a particular design engineer by the name of Kyle Smith ("Smith"), a long-time employee of Micrin Technologies and its successor, United States Radio Frequency Corporation ("USRF"). J. K. Henderson, the father of Mark Henderson and himself a highly successful engineer for years with General Dynamics and Lockheed Martin Aerospace in Fort Worth, in large part financed the development of the IP used to produce the products first built by Micrin Technologies and subsequently by USRF. The IP was assigned to J. K. Henderson in 2009 in satisfaction of financial obligations to J. K. Henderson and in recognition of his financial assistance with regard to the development of the IP.

8.     USRF, with the consent of J. K. Henderson, began in 2010 producing those products at issue utilizing the IP of J. K. Henderson. The company was highly successful until it suffered major financial losses in an unrelated business and found itself in bankruptcy in 2011.

348-267268-13

9. McGraw was a salesman for USRF and for his own sales company, CommTech, and was involved in the sale of USRF products including in particular the sale of generator interface panels ("generator panels").

10. McGraw approached J. K. Henderson after the collapse of USRF and informed J. K. Henderson that CommTech had a contract with AT&T for generator panels and that he, McGraw, would appreciate J. K. Henderson allowing him to utilize the IP of J. K. Henderson to complete that contract. J. K. Henderson, trying to assist McGraw in the bind he was in regarding unfilled orders, agreed and accepted McGraw's offer of a token fee of $3 per generator panel sold by CommTech in connection with the AT&T contract.

11. J. K. Henderson now realizes that there was no existing AT&T contract and McGraw was intending to sell to AT&T as many generator panels as possible both at the time and in the future, along with any other generator panel business that McGraw could solicit for CommTech in the future. If McGraw had not misrepresented his true intentions, J. K. Henderson would never have agreed to allow McGraw to utilize his IP. The principals of USRF, with the assistance of J. K. Henderson, had at all times intended to return to the family business utilizing the IP of J. K. Henderson.

12. Not only did McGraw commit fraud against J. K. Henderson in obtaining the authorization for the panels, McGraw never intended and did not pay any of the $3 fee even though CommTech sold thousands of the panels.

13. During the bankruptcy of USRF, the Trustee in Bankruptcy brought suit against J. K. Henderson seeking to set aside the November 25, 2009, assignment of the IP. That

348-267268-13

litigation effectively prevented the Hendersons from reentering the profitable business until resolved. After considerable discovery, the Trustee caused the Bankruptcy Court to enter an order in January, 2013, finding that the Trustee had no viable claim against J. K. Henderson's ownership of the IP. At this point, Mark Henderson with the financial assistance of J. K. Henderson began to take steps to reenter the business utilizing the IP owned by J. K. Henderson.

14.   Mark Henderson approached Kyle Smith, a design engineer who, together with Mark Henderson, created over the years the designs for the generator panels and other products involved herein. Smith had maintained during the bankruptcy proceedings a copy of the relevant designs which had been contained in the USRF drawings. At this meeting with Smith, Mark Henderson learned that McGraw had previously approached Smith seeking copies of the drawings but requesting that a new name, "CommTech Sales Inc.," be put on the drawings, thereby reflecting CommTech as the owner of the drawings and the IP contained therein. McGraw convinced Smith that CommTech was now the owner of the IP and had acquired the same from the bankruptcy Trustee. Not knowing the falsity of that claim, Smith proceeded to change the name on the drawings. At the request of McGraw, the identifying statement on the drawings became:

"COMMTECH SALES INC PROPRIETARY INFORMATION

THESE DESIGNS ARE THE SOLE PROPERTY OF
COMMTECH SALES INC. THE USE, REPRODUCTION,
OR DUPLICATION OF THESE DESIGNS IS STRICTLY
PROHIBITED WITHOUT THE WRITTEN PERMISSION
OF COMMTECH SALES INC."

*Plaintiff's Third Amended Petition, including Request for Production to Mazon Associates, Inc.*

348-267268-13

Prior to the fraud of McGraw, the name USRF had been on the drawings with the same language but afterward they reflected CommTech as the owner, which was absolutely untrue and known to be so by McGraw.

15.    This litigation for fraudulent conversion, fraudulent inducement, and other claims against CommTech began in August, 2013. It was clear that CommTech was utilizing the IP of J. K. Henderson without his consent or, in the case of the non-existent AT&T contract, obtained by fraud. Shortly after the litigation began (only a few weeks later), McGraw, CommTech and PacificTech caused the power distribution business of CommTech, which included all of the products involved herein, and which products of CommTech were identical or substantially the same as the USRF products and designs from which they were derived, to be transferred to PacificTech. The products all adopted the name PacificTech; McGraw resigned from CommTech and became the President of PacificTech; McGraw became a major stockholder of PacificTech; the equipment used at CommTech to manufacture the products, the employees of CommTech that manufactured the products, and even the manufacturing space, were all transferred to Pacific Tech. PacificTech's business was in major part a mere continuation of the business of CommTech and consequently liable for all of the debts of CommTech in connection with the business transferred.

16.    PacificTech was utilized by McGraw for the sole purpose of attempting to evade the responsibility of McGraw and CommTech to J. K. Henderson in connection with the fraudulent conversion and theft of the IP of J. K. Henderson. McGraw, CommTech, and

348-267268-13

PacificTech utilized for their benefit the drawings obtained from Smith by deception and fraud in total disregard of the rights of J. K. Henderson, the owner of those drawings. By doing so, McGraw, CommTech and PacificTech effectively appropriated for themselves that IP belonging to J. K. Henderson. Not being satisfied with obtaining by fraud the drawings associated with the generator boxes, McGraw, CommTech, and PacificTech undertook to appropriate for themselves all of the IP of J. K. Henderson dealing with other products built by the Micrin Technologies companies and to utilize that IP of J. K. Henderson to build those products. As part of that deception and wrongful appropriation, McGraw, CommTech and PacificTech published on their websites photographs of actual products designed and built by Micrin Technologies and USRF. In addition, McGraw, CommTech, and PacificTech included in the websites of CommTech and PacificTech prominently displayed references to Micrin Technologies, a company with which neither CommTech nor PacificTech ever had any relationship. The website contained no disclaimer that neither McGraw, CommTech nor PacificTech had anything to do with the design or construction of the products shown on the websites of CommTech or PacificTech. That conduct of McGraw, CommTech, and PacificTech was in total disregard of the ownership by J. K. Henderson of those photographs and designs as part of his IP. Once again McGraw, CommTech and PacificTech had simply misappropriated for themselves the property of J. K. Henderson.

17.     The theft of IP by McGraw, CommTech and PacificTech was not limited to generator panels but also included power distribution units and various other products built

348-267268-13

by USRF pursuant to the IP of J. K. Henderson. Included as part of their fraudulent conversion and misappropriation was the practice of CommTech and PacificTech to publish on their websites photographs which were part of the IP of J. K. Henderson and which reflected actual products designed and built by USRF and totally unentitled for use by CommTech and PacificTech other than conversion of those photographs to their use by placing them on their websites.

18.    Defendant Mazon knowingly and substantially assisted McGraw, CommTech and PacificTech in their fraudulent conversion of the IP of J. K. Henderson. Mazon provided the initial financing to CommTech and PacificTech and continues that financing through the present time even though knowing that the IP at issue was and is owned by J. K. Henderson. Without the financing by Mazon, none of the complained of conversions and theft by McGraw, CommTech, and PacificTech could have occurred.

19.    Mazon is jointly and severally liable for the financial harm done to Plaintiff by virtue of the fraudulent conversion of the IP. Plaintiff seeks unjust enrichment damages together with exemplary damages against Mazon for its conduct described herein.

## CAUSES OF ACTION

Participatory Liability of Mazon

20.    Mazon knew that the conduct of McGraw, CommTech and PacificTech in utilizing the IP of J. K. Henderson was a wrongful act against J. K. Henderson. With the intent to assist McGraw, CommTech and PacificTech in that conversion, Mazon provided financing to CommTech and PacificTech. The financial assistance of Mazon was a substantial factor

*Plaintiff's Third Amended Petition, including Request for Production to Mazon Associates, Inc.*

348-267268-13

in causing the fraudulent conversions of the IP of J. K. Henderson. Plaintiff seeks actual as well as exemplary damages for the above described conduct of Mazon.

Fraudulent Conversion

21. Plaintiff seeks actual and exemplary damages in connection with the fraudulent conversion of the IP of J. K. Henderson by McGraw, CommTech, and PacificTech.

Fraudulent Misrepresentation

22. Plaintiff seeks actual and exemplary damages from McGraw in connection with his fraudulent misrepresentation regarding the AT&T contract and McGraw's need to complete an existing contract which did not exist.

Unjust Enrichment

23. Plaintiff seeks unjust enrichment damages from each of the Defendants, joint and several, in connection with their joint participation in the fraudulent conversion of the IP of J. K. Henderson as described herein.

Liability under the Theft Liability Act

Texas Penal Code Ch. 31 § 31.03(e)(5)

24. The intentional conduct of McGraw on behalf of CommTech and PacificTech in connection with obtaining without the consent of J. K. Henderson the generator box drawings from Smith constitutes intentional misappropriation from J. K. Henderson of his IP so as to deprive him of that property. Damages include the loss by J. K. Henderson of the ability to sell, use, lease or license the use of those drawings. Plaintiff seeks attorney fees as allowed by law together with actual and exemplary damages as allowed by law.

348-267268-13

25. The intentional conduct of McGraw on behalf of CommTech and PacificTech in obtaining and utilizing the photographs and other IP relating to products developed by Micrin Technologies and which IP belonged to J. K. Henderson constitutes intentional misappropriation from J. K. Henderson of that IP so as to deprive him of that property. Damages include the loss by J. K. Henderson of the ability to sell, use, lease or license the use of that IP. Plaintiff seeks attorney fees as allowed by law together with actual and exemplary damages as allowed by law.

Successor Liability

26. The conduct of McGraw, CommTech and PacificTech as described herein resulted in PacificTech being a mere continuance of CommTech and liable for the acts of CommTech as described herein. Plaintiff seeks from PacificTech all financial harm caused Plaintiff by the acts of CommTech as described herein.

The AT&T Contract

27. Plaintiff seeks against McGraw actual damages for failure to pay the agreed amount under the contract which includes both CommTech and PacificTech and its successor and attorney fees, together with reformation of that contract to reflect a reasonable fee for the use of the drawings by CommTech and PacificTech.

**PRAYER**

28. For these reasons, Plaintiff asks that the Court to award a judgment against Defendants for the following:

*Plaintiff's Third Amended Petition, including Request for Production to Mazon Associates, Inc.*