

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

XIP LLC,                          §
                                  §
          Plaintiff,              §
                                  §
VS.                               §   NO. 4:15-CV-664-A
                                  §
COMMTECH SALES LLC, ET AL.,       §
                                  §
          Defendants.             §

MEMORANDUM OPINION
and
ORDER

Came on for consideration the motion to remand filed by
plaintiff, XIP LLC ("XIP").  Having considered plaintiff's
motion, the response of defendants CommTech Sales LLC, Pacific
Technical Solutions, and Michael McGraw ("Removing Defendants"),
plaintiff's reply, the record, and applicable authorities, the
court concludes that such motion should be granted.

I.

Background

A.   Plaintiff's State Court Pleading

Plaintiff initiated this action on August 6, 2013, by filing
an original petition in the District Court of Tarrant County,
Texas, 384th Judicial District.  Plaintiff amended its state
court pleading four times, most recently on March 18, 2015.
Plaintiff's claims in all of the pleadings have been based on

defendants illegally obtaining and using plaintiff's intellectual property, including drawings.

B.   The Removal to This Court

Removing Defendants removed this action to this court alleging that this court has federal question subject matter jurisdiction by reason of 28 U.S.C. § 1331. The bases for federal question jurisdiction are that (1) three of plaintiff's claims are completely preempted by the United States Copyright Act ("Copyright Act"), and (2) there is a counterclaim by Removing Defendants for relief under the Copyright Act, which they asserted in an amended answer filed with the notice of removal.

C.   The Motion to Remand

Plaintiff contends in its timely filed motion to remand that removal is inappropriate, because (1) the court does not have subject matter jurisdiction over the action based on plaintiff's claims or the counterclaim; (2) Removing Defendants did not timely remove the action; and (3) Removing Defendants have waived the right to remove.

D.   Response to Motion to Remand

In response, Removing Defendants argue that (1) the court has subject matter jurisdiction over at least three of plaintiff's claims because of complete copyright preemption; (2) the court has subject matter jurisdiction by virtue of their

2

counterclaim; (3) the notice of removal was timely filed because plaintiff put them on notice of a potential copyright claim for the first time during a motion to compel hearing; and (4) they did not waive the right to remove.

## II.

### Basic Legal Principles Governing Removal

A defendant may remove to federal court any state court action of which the federal district courts would have original jurisdiction. 28 U.S.C. § 1441(a). The federal district courts shall have original jurisdiction of all civil actions arising under the laws of the United States. 28 U.S.C. § 1331.

"The removing party bears the burden of showing that federal subject matter jurisdiction exists and that removal was proper." Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002) (citations omitted). "Moreover, because the effect of removal is to deprive the state court of an action properly before it, removal raises significant federalism concerns . . . which mandate strict construction of the removal statute." Carpenter v. Wichita Falls Indep. Sch. Dist., 44 F.3d 362, 365-66 (5th Cir. 1995). Any doubts about whether removal jurisdiction is proper must therefore be resolved against the

3

exercise of federal jurisdiction. <u>Acuna v. Brown & Root Inc.</u>, 200

F.3d 335, 339 (5th Cir. 2000).

Removing Defendants assert federal question jurisdiction

pursuant to 28 U.S.C. § 1331.  They contend that plaintiff's

claims arise under the federal laws governing copyrights.

III.

<u>Analysis</u>

Both sides make persuasive arguments on the issue of whether

this court has subject matter jurisdiction.  However, the court

has decided that it does not need to resolve the jurisdiction

issue because, even if subject matter jurisdiction exists, the

action should be remanded because the Removing Defendants did not

timely remove it.

Section 1446(b) of Title 28 of the United States Code

requires that "notice of removal of a civil action . . . shall be

filed within 30 days after the receipt by the defendant . . . of

a copy of the initial pleading setting forth the claim for relief

upon which such action . . . is based," or where removal is not

proper based on the initial pleading but the action later becomes

removable, "a notice of removal may be filed within 30 days after

receipt by the defendant . . . of a copy of an amended pleading,

4

motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. §§ 1446(b)(1) & (3).

A.   Removing Defendants Did Not Timely Remove This Action on the Basis of Plaintiff's Claims

Removing Defendants argue they are within the thirty-day time period for removal because plaintiff first put them on notice that the case might be removable in mid-August 2015 by allegations in a motion to compel and during a related hearing. Doc. 1 at 2-3; Doc. 1, App. at 1301.[1] They claim that in the motion and during the hearing plaintiff clarified that "copying" of the drawings was at issue, instead of the "more obtuse language" used in plaintiff's petition, such as, "obtaining and utilizing," and that by reason of the "clarification" they for the first time were put on notice that plaintiff's conversion, unjust enrichment, and Theft Liability Act claims are completely preempted by copyright law. Doc. 1 at 4; Doc. 14 at 7.

The claim of Removing Defendants that the motion to compel and hearing were the first times they were put on notice that copying of the drawings is at issue in the case is not supported by the record.  Starting with plaintiff's original August 6, 2013

---

[1] The "Doc. __" references are to the numbers assigned to the referenced documents on the docket of this case, No. 4:15-CV-664-A.  The Doc. 1, App. at ___" references are to the pertinent page or pages in the six volumes of exhibits filed with the notice of removal on September 3, 2015, which the court is treating as an appendix to the notice of removal.

pleading, plaintiff consistently has complained of the acquisition and use by CommTech Sales, LLC of "copies" of plaintiff's intellectual property, including "exact copies of drawings." Doc. 1, App. at 10-12. In addition, Removing Defendants cite authority supporting the idea that, "technical drawings such as the drawings at issue in this case . . . fall within the subject matter of copyright." Doc. 14 at 9. This action has centered around "technical drawings" since it was filed. Thus, if plaintiff's "copying" claims are completely preempted by federal copyright law, defendants have known since this action was filed that federal question jurisdiction exists.

Removing Defendants point to three of plaintiff's claims that created federal question jurisdiction by reason of being preempted by copyright law, but, ignore the facts that plaintiff's original pleading in effect pleaded at least one of those claims and that one or more of those claims have been pleaded by plaintiff in each pleading filed by plaintiff since then. The claims alleged by plaintiff that Removing Defendants contend are completely preempted by federal copyright law are plaintiff's claims for violation of the Texas Theft Liability Act, fraudulent conversion, and unjust enrichment. Doc. 1 at 4, ¶ 8; Doc. 14 at 8. The Theft Liability Act claim was expressly asserted by plaintiff in the first amended pleading it filed in

state court on September 23, 2014.  Doc. 1, App. at 137.  In that
same pleading, plaintiff asserted its unjust enrichment claim.
Id. at 136.  In plaintiff's second amended pleading, which was
filed November 4, 2014, plaintiff reiterated both of those
claims.  Id. at 209-10.  In the third amended pleading filed
February 10, 2015, plaintiff re-pleaded both of those claims, and
added the third claim the Removing Defendants say was completely
preempted by federal copyright law, fraudulent conversion.  Id.
at 472-73.  In the fourth amended pleading plaintiff filed on
March 18, 2015, all of those same claims were yet again pleaded.
Id. at 1202.

    Removing Defendants cannot plausibly contend that they did
not become aware that plaintiff was claiming in this action
relief based on copying of documents until the filing of the
motion to compel and the hearing on that motion, or that they did
not know that the claims they say are completely preempted by
federal copyright law were being asserted against them in this
action until that time.  For example, as to the Theft Liability
Act claim, Removing Defendants cite authority that shows that
even an allegation of theft of drawings, instead of copying,
falls under the Copyright Act.  Doc. 14 at 11.  Plaintiff has
claimed that defendants illegally obtained its drawings, and
Removing Defendants argue this is the same as an allegation of

theft.  Doc. 1, App. at 137; Doc. 14 at 10-13.  That the drawings were "illegally obtained" is the entire basis of the action and has been since it was initiated.  Doc. 1, App. at 6-11, 137, 210, 472, 1202.

Summary judgment documents filed by Removing Defendants establish with absolute certainty that they understood from the very beginning that plaintiff was making claims of the kind Removing Defendants now say are completely preempted by federal copyright law.  In the motion for summary judgment filed in state court on February 10, 2015, Removing Defendants pleaded that included in the causes of action alleged by plaintiff in the second amended pleading filed in November 2014 were the three claims Removing Defendants now say were completely preempted by federal copyright law.  Doc. 1, App. at 263, 280, 287, 288.  In the first supplement to the motion for summary judgment, Removing Defendants again made clear that they understood that plaintiff's pleadings were asserting the claims they now say are completely preempted.  Id. at 655-656, 677, 683, 686.  Again, in the first amended motion for summary judgment the Moving Defendants filed in February 2015, they stated their awareness of the assertion against them by plaintiff in plaintiff's various pleadings of claims of fraudulent conversion, unjust enrichment, and liability under the Theft Liability Act.  Id. at 863, 864, 885, 891, 893.

8

Of interest are statements made by Removing Defendants in their motion for summary judgment papers indicating consciousness on their part of the potential that plaintiff was asserting a copyright claim.   In the motion for summary judgment filed in mid-February 2015, Removing Defendants said that "[t]o the extent Plaintiff is asserting a copyright claim, this court does not have jurisdiction to decide the claim since it would constitute a federal question." Id. at 280.  An identical statement was made by the Removing Defendants in the amended motion for summary judgment they filed later in February 2015.  Id. at 884.

For the reasons stated above, the court has concluded that if the Removing Defendants are correct in their complete preemption contention, they were aware when they received a copy of plaintiff's original pleading in August 2013, and certainly no later than their receipt of the first amended pleading in September 2014, that claims were being asserted in this action by plaintiff that defendants contend were completely preempted by federal copyright law.  Therefore, the removal of this action was not timely when viewed from the standpoint of the claims asserted by plaintiff against the removing defendants.

B.   Removing Defendants' Counterclaim Does Not Extend the Removal Deadline

After having tried unsuccessfully to gain a favorable outcome in the state court through the summary judgment process,

9

and after the state court had denied the motion for summary judgment of the Removing Defendants, Doc. 1, App. at 1223, the Removing Defendants filed in state court on the same day they filed their notice of removal their second amended answer that included a counterclaim seeking "a judgment of no copyright infringement pursuant to 70 U.S.C. § 301, <u>et seq.</u>, of the Copyright Act," adding that "[n]one of the alleged conduct of Defendants constitutes copyright infringement with respect to any of the drawings, designs, pictures, or other alleged intellectual property," <u>id.</u> at 1342, ¶ 29.  Defendants maintain that this last-minute maneuver prior to the filing of the notice of removal gives them the right to now try the water in the federal court by virtue of the provisions of 28 U.S.C. § 1454, which reads, in pertinent part, as follows:

> (a) **In general**.--A civil action in which any party asserts a claim for relief arising under any Act of Congress relating to . . . copyrights may be removed to the district court of the United States for the district and division embracing the place where the action is pending.

> (b) **Special rules**.--The removal of an action under this section shall be made in accordance with section 1446, except that if the removal is based solely on this section--

> (1) the action may be removed by any party; and

10

> (2) the time limitations contained in section
> 1446(b) may be extended at any time for cause
> shown.

28 U.S.C. § 1454(a)-(b).

So far as this court can determine, the United States Court of Appeals for the Fifth Circuit has not dealt with § 1454. The court is aware of two district court decisions that have dealt with it. See Andrews v. Daughtry, 994 F. Supp. 2d 728, 734 (M.D.N.C. 2014) (quoting Univ. of Ky. Research Found., Inc v. Niadyne, Inc., No. 13-16-GFVT, 2013 WL 5943921, at * 10 (E.D. Ky. Nov. 5, 2013)). Neither of those decisions provides comfort to the Removing Defendants.

Defendants may not use "Section 1454 [as] a jurisdictional sword, with which they may gain a tactical advantage over their adversary." Niadyne, 2013 WL 5943921, at * 10. "One of the purposes of the timing provisions of section 1446 and 1454 is to 'limit the ability of the Defendant to test the waters in one forum and, finding them inhospitable, move to another forum that might be more sympathetic to its views.'" Andrews, 994 F. Supp. 2d at 735 (quoting Niadyne, 2013 WL 5943921, at * 10); see also Accutrax, LLC v. Kildevaeld, No. 15-11776-FDS, 2015 WL 6134377, at *3 (D. Mass. Oct. 19, 2015) ("The thirty-day deadline would mean little if a defendant could decide when to start the clock for his own removal by asserting a counterclaim at any time.").

Not only have the Removing Defendants attempted to start the clock running for removal by asserting a last-minute counterclaim, they virtually have ignored the part of § 1454 that says that "the time limitations contained in section 1446(b) may be extended at any time for cause shown." 28 U.S.C. § 1454(b)(2). Removing Defendants have not sought any extension of the time limitation contained in § 1446(b), nor have they provided any factual basis for such an extension. They could have filed their counterclaim at any time during the pendency of this action for more than two years. Congress could never have intended that § 1454 be used in the abusive manner in which Removing Defendants are attempting to use it now. Removing Defendants have failed to establish that, to the extent copyright questions exist, they were not on notice of those questions prior to the motion to compel and its related hearing. In fact, Removing Defendants' arguments and conduct in state court compel the conclusion that if federal question jurisdiction exists, they were on notice of that fact months before the motion and hearing.

Furthermore, the basis of Removing Defendants' copyright counterclaim is a request for a declaratory judgment that there is <u>no copyright infringement in this action</u>. Doc. 1, App. at 1342, ¶ 29. In effect, Removing Defendants' counterclaim is not asking the court to find that there is a copyright question

present in this action.  Instead, the counterclaim is asking the

court to find that no copyright question is present in the

action.  That Removing Defendants would rely on its "copyright"

counterclaim as the basis to remove the action to federal court,

after pursuing the action in state court for two years, solely

for the court to find that there is no copyright infringement

does not comport with the federalism concerns behind removal.

Thus, Removing Defendants cannot rely on their recently filed

"copyright" counterclaim to establish timely removal of the

action.  To hold otherwise would defeat the policy behind removal

time limits.

C.   Defendants' Waived Their Right to Remove

     The record so clearly establishes that the notice of removal

was not timely filed that the court questions whether plaintiff's

waiver argument is outcome significant.  Nevertheless, the court

is devoting attention to that argument inasmuch as it bears on

the unreasonableness of the filing of the notice of removal.

     A defendant can waive the right to removal through his

actions in state court by "proceeding to defend the action in

state court or otherwise invoking the processes of that court."

Brown v. Demco, Inc., 792 F.2d 478, 481 (5th Cir. 1986)

(citations omitted).  "[T]he right to remove is not lost by

participating in state court proceedings short of seeking an

adjudication on the merits." <u>Tedford v. Warner-Lambert Co.</u>, 327 F.3d 423, 428 (5th Cir. 2003). The filing of a motion for summary judgment is a request for an adjudication on the merits that may waive the right to remove. <u>See</u> <u>Jacko v. Thorn Americas, Inc.</u>, 121 F. Supp. 2d 574, 576-77 (W.D. Tex. 2000) (holding that an appearance at a hearing on a motion for summary judgment constituted a waiver of the right to remove).

This case was ongoing in state court for more than two years prior to removal, and defendants have filed multiple answers, a motion to transfer venue, a motion to quash or alternatively motion for protective order, a motion for joinder of party, a motion to strike, a motion to compel, a counterclaim, and most importantly, a motion for summary judgment. Doc. 1, App. at 20, 25, 29, 93, 111, 160, 262, 655, 863, 1224, 1252. Considering that history and the fact that the removal to this court occurred only after Removing Defendants had been unsuccessful in their attempt to obtain a state court summary adjudication in their favor, the court cannot avoid noting that, whether they now like it or not, Removing Defendants have chosen the state court as the place where this litigation is to be concluded and that their last-minute maneuvering to justify a transfer of the case from state court to this court is without legal or rational basis.

IV.

<u>Order</u>

Therefore, for the reasons stated above,

The court ORDERS that the above-captioned action be, and is hereby, remanded to the state court from which it was removed.

SIGNED November 3, 2015.

_____

JOHN McBRYDE
United States District Judge